

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REPUBLIC TOBACCO, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case 05 C 6129 |
| | ) | |
| v. | ) | |
| | ) | Honorable Charles R. Norgle |
| GENERAL JACK'S, INC. and | ) | |
| ROBERT M. DOUGLAS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Charles R. Norgle, District Judge

Before the court is Defendants General Jack's, Inc. and Robert M. Douglas' Motion to Dismiss for Improper Venue. The court construes this Motion as a Motion to Dismiss for Lack of Personal Jurisdiction. For the following reasons, this Motion is granted.

**I. INTRODUCTION**

**A. Facts**

Plaintiff Republic Tobacco, L.P. ("Republic") is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Glenview, Illinois. Republic is engaged in the business of distribution and sale of tobacco and tobacco related products. Defendant General Jack's, Inc. ("General Jack's") is a corporation organized under the laws of Maryland, with its principal place of business in Hunt Valley, Maryland. General Jack's intends to manufacture and sell cigarettes, but it asserts that it has not yet begun its business operations. General Jack's has submitted documents to the court which support this assertion. Robert M.

1

Douglas ("Douglas") is the sole shareholder, president, and chief executive officer of General Jack's. Douglas resides in Maryland.

For almost twenty-five years, Republic has used a trademark design consisting of an eagle with outstretched wings, talons grasping arrows, and a United States flag in the background (the "eagle design"). Republic asserts that it has spent significant time and money in promoting the eagle design, and that this design is firmly established as a well-known signifying trademark. Republic further asserts that the eagle design trademark is one of its most valuable assets. General Jack's has recently submitted an application with the United States Patent and Trademark Office in which it seeks to register the name "General Jack's," and a trademark design consisting of an eagle with outstretched wings, talons grasping arrows, and a United States flag in the background.[1]

## B. Procedural History

On October 24, 2005, Republic filed suit in the Northern District of Illinois, alleging a violation of the Lanham Act, a violation of the Illinois Deceptive Trade Practices Act, and Unfair Competition. Republic seeks, *inter alia*, damages and a preliminary and permanent injunction enjoining General Jack's from doing business using the eagle design, or a designation confusingly similar to the eagle design.[2] Defendants then filed their Motion to Dismiss for

---

[1] The court notes that symbols such as these are no strangers to the marketplace. The potential for some confusion amongst consumers is not enough to delay the introduction of a new product to the marketplace. "When deciding whether to grant or withhold equitable relief a court must give high regard to the interest of the general public, which is a great beneficiary from competition." August Storck K.G. v. Nabisco, Inc., 59 F.3d 616, 619 (7th Cir. 1995).

[2] The Seventh Circuit has indicated that "[a] preliminary injunction is a very serious remedy, never to be indulged in except in a case clearly demanding it." Barbecue Marx, Inc. v. 551 Ogden, Inc., 235 F.3d 1041, 1044 (7th Cir. 2000) (internal quotation marks and citations

Improper Venue, asserting that they have done no business in Illinois and directed no conduct towards Illinois, and therefore have no minimum contacts with Illinois. Because these assertions go to the issue of whether the court has personal jurisdiction over Defendants, the court construes this Motion as a Motion to Dismiss for Lack of Personal Jurisdiction. This Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Once a defendant has challenged a court's exercise of personal jurisdiction, the plaintiff has the burden of demonstrating that the court's exercise of personal jurisdiction over a defendant is proper. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). It is well established law that "[a] federal court's exercise of personal jurisdiction over a non-resident defendant is proper 'only if a court of the state in which it sits would have such jurisdiction.'" Edelson v. Ch'ien, 352 F. Supp. 2d 861, 865-66 (N.D. Ill. 2005) (quoting Klump v. Duffus, 71 F.3d 1368, 1371 (7th Cir. 1995)); see also Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1212 (7th Cir. 1984). This court therefore has jurisdiction over this matter "'only if [an Illinois State Court ] would have such jurisdiction.'" Edelson, 352 F. Supp. 2d at 866 (quoting Klump, 71 F.3d at 1371).

---

omitted). A preliminary injunction may only issue if the following conditions are met: (1) the party seeking the injunction has a reasonable likelihood of success on the merits, (2) there is no adequate remedy at law, (3) irreparable harm will occur without the injunction, (4) the harm that will occur to the moving party if no injunction issues outweighs the harm the injunction will cause to the nonmoving party, and (5) the injunction will not harm the public interest. Platinum Home Mortg. Corp. v. Platinum Fin. Group, 149 F.3d 722, 726 (7th Cir. 1998); Roland Machinery Co. v. Dresser Industries, Inc., 749 F.2d 380, 386 (7th Cir. 1984). The court's careful consideration of the jurisdictional issues in this case reflects the seriousness of the relief Republic requests in this case.

The inquiry into whether this court has jurisdiction over these Defendants must therefore begin with "an application of the statutory law of [Illinois]." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 548 (7th Cir. 2004). After considering Illinois' statutory framework concerning jurisdiction over non-resident defendants, the court must then consider whether its exercise of jurisdiction would "comport[] with due process." Id. at 549. The Seventh Circuit has determined that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2002). One due process inquiry is therefore sufficient. Edelson, 352 F. Supp. 2d at 866.

Under the Illinois Long-Arm Statute, 735 ILL. COMP. STAT. 5/2-209(a)(2), an Illinois court may exercise personal jurisdiction over a non-resident defendant "who in person or through an agent [engages in] [t]he commission of a tortious act within this State." See Edelson, 352 F. Supp. 2d at 866. Where the injury alleged is economic in nature, rather than physical or emotional, however, "the plaintiff needs to show more than the 'harm was felt in Illinois,' the plaintiff must also show an 'intent to affect an Illinois interest.'" Id. at 867 (quoting Real Colors, Inc. v. Patel, 974 F. Supp. 645, 649 (N.D. Ill. 1997)); see also Arthur Young & Co. v. Bremer, 554 N.E.2d 671, 676 (Ill. App. Ct. 1990). Illinois courts may also exercise jurisdiction where a defendant transacts "any business within this state." 735 ILL. COMP. STAT. 5/2-209(a)(1).

A court's inquiry into whether its exercise of jurisdiction over a nonresident defendant would be consistent with due process of law should begin with the familiar "minimum contacts" rule articulated by the United States Supreme Court in International Shoe Co. v. Washington:

4

> Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The Supreme Court, in Hanson v. Denckla, went on to explain that the necessary minimum contact with the forum state is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 357 U.S. 235, 253 (1958).

The Supreme Court elaborated on the notion of "purposeful availment" in Burger King v. Rudzewicz:

> This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random . . . contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State. Thus, where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and the residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burden of litigation in that forum as well.

471 U.S. 462, 475-76 (1985) (citations and internal quotation marks omitted). In addition to the concept of purposeful availment, "[t]he minimum contact requirement contains the notion of foreseeability." Deluxe Ice Cream, 726 F.2d at 1213 n.4 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). When a corporate defendant conducts activities within the forum state sufficient to establish minimum contacts, "it has clear notice that it is subject to suit there." Volkswagen, 444 U.S. at 297.

The court should not stop its inquiry into personal jurisdiction after simply determining

5

that minimum contacts exist, however. The court should go on to ask whether exercising personal jurisdiction is reasonable. See Scott Fruehwald, *The Boundary of Personal Jurisdiction: The "Effects Test" and the Protection of Crazy Horse's Name*, 38 J. MARSHALL L. REV. 381, 384 (2004). A further aspect of a court's inquiry into personal jurisdiction is therefore the nature of the relationship among "the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). "This relationship must be such that it is reasonable to require a nonresident corporation to defend a suit in the forum state in the context of our federal system of government." Deluxe Ice Cream, 726 F.2d at 1213 (citing Volkswagen, 444 U.S. at 292-93).[3]

## B. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

The court first notes that Defendants' Motion to Dismiss is actually styled as a Motion to Dismiss for Improper Venue. Republic properly asserts that the "defense of lack of personal jurisdiction [is] waived if not presented in [the] responsive pleading or [the] first Rule 12 motion." LINC Fin. Corp. v. Onwuteaka, 129 F.3d 917, 921 (7th Cir. 1997) (citing FEDERAL RULE OF CIVIL PROCEDURE 12(h)(1)). If Defendants had failed to present the defense of lack of personal jurisdiction in their responsive pleading, that defense would indeed be waived. Even though Defendants' Motion is not styled as a motion to dismiss for lack of personal jurisdiction, Defendants have clearly raised the personal jurisdiction issue in this Motion. See Defs.' Mot. to

---

[3] The court notes that the Supreme Court, in Calder v. Jones, 465 U.S. 783 (1984), did not establish a separate and distinct test for personal jurisdiction over out-of-state defendants. "[T]he so-called 'effects' test is merely another way of assessing the defendant's relevant contacts with the forum State." Wallace v. Herron, 778 F.2d 391, 395 (7th Cir. 1985). Under the "effects test," a court may exercise jurisdiction over an out-of-state defendant when that defendant, acting outside a state, causes harm within that state. Calder, 465 U.S. at 789.

Dismiss, ¶¶ 7-9 (asserting that Defendants have never resided in, nor done business in, Illinois, and asserting that Defendants therefore have no minimum contacts with Illinois). Defendants have therefore not waived the issue of personal jurisdiction, and the court will proceed to deal with this issue on its merits.

Republic asserts that Defendants are subject to suit in the Northern District of Illinois for two reasons: (1) trademark infringement is a tort in Illinois, and (2) Defendants have agreed to participate in something called a Tobacco Master Settlement Agreement ("TMSA") (the TMSA is an agreement entered into by tobacco manufacturers and certain states, including Illinois, that sought to hold tobacco manufacturers liable for the harmful effects of smoking tobacco). Neither of these arguments convinces the court that it should exercise personal jurisdiction over Defendants.

No party disputes that a trademark infringement is a tort. Hard Rock Café Licensing Corp. v. Concession Services, Inc., 955 F.2d 1143, 1148 (7th Cir. 1992); Heil v. Morrison Knudsen Corp., 863 F.2d 546, 549 (7th Cir. 1988). Nor does any party dispute that where an out-of-state party sells goods with an infringing trademark to Illinois residents, thereby harming an Illinois business, it is proper for a Northern District of Illinois court to exercise personal jurisdiction. See Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 836-37 (N.D. Ill. 2000). Defendants, however, have not sold any goods to any Illinois residents. In fact, Defendants have not yet begun to manufacture or sell tobacco products in Illinois or any other state. The only apparent connection Defendants have with Illinois is that General Jack's has applied to be a part of the TMSA.

Republic nevertheless asserts that the court may exercise personal jurisdiction over

Defendants due to the "imminent and impending" harm it will suffer if Defendants actually do sell infringing products in Illinois. See Maritz, Inc. v. Cybergold, Inc., 947 F. Supp. 1328, 1335-36 (E.D. Mo. 1996). The court does not agree. Apart from General Jack's agreement to participate in the TMSA, Defendants have no connection whatsoever with the state of Illinois. General Jack's has not manufactured or sold products in Illinois. General Jack's maintains no offices in Illinois. Republic does not assert that any of General Jack's officers have traveled to Illinois to do business. Douglas is a Maryland resident. Defendants have directed no conduct towards the State of Illinois that would trigger Illinois' Long-Arm Statute.

For these reasons, Defendants have no minimum contacts with the State of Illinois, and they have not purposefully availed themselves of the protections of Illinois law. See International Shoe, 326 U.S. at 316; Burger King, 471 U.S. at 475-76. It would therefore be unreasonable for the court to require Defendants to defend a suit in the Northern District of Illinois. See Deluxe Ice Cream, 726 F.2d at 1213. The court thus determines that it should not exercise personal jurisdiction over Defendants in this case.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: February 10, 2006